DEBORAH NEWTON GELLER *vs.* JACOB STONE.

Suffolk.    March 4, 1947. — April 2, 1947.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

Price Control. Landlord and Tenant, Federal control. Words, "Immediate compelling necessity."

Present compelling hardship to a landlord is the test in determining whether he has "an immediate compelling necessity to recover possession of" premises "for use and occupancy as a dwelling for himself" within a regulation issued by the Office of Price Administration under the Federal emergency price control act of 1942.

Evidence warranted a finding that crowded conditions, in which a woman and her husband and two young children were living in an apartment in the small half story of a two and one-half story house owned by her, showed a present compelling hardship and established "an immediate compelling necessity to recover [from a tenant] possession of" a much larger second story apartment "for use and occupancy as a dwelling for" herself within a regulation issued by the Office of Price Administration under the Federal emergency price control act of 1942.

SUMMARY PROCESS. Writ in the District Court of Chelsea dated August 16, 1946.

Upon appeal to the Superior Court, the action was tried before *Morton*, J.

*N. A. Heller*, for the plaintiff.

*M. Singer & A. Levenson*, for the defendant, submitted a brief.

WILKINS, J. This is an action to recover possession of a second story apartment at 87 Orange Street, Chelsea. G. L. (Ter. Ed.) c. 239, § 1, as amended by St. 1941, c. 242, § 1. The jury returned a verdict for the plaintiff for possession, but the judge, under leave reserved, entered a verdict for the defendant, and the plaintiff excepted.

It was agreed at the trial that the only issue was whether the plaintiff, the landlord, "has an immediate compelling necessity to recover possession of such accommodations for use and occupancy as a dwelling for himself," as set forth in the rent regulation for housing of the Office of Price Administration, [1] issued under authority of the emergency price control act of 1942, c. 26, Title I, § 2 (Act of January 30, 1942, 56 U. S. Sts. at Large, 23, 24, as amended by the stabilization extension act of 1944, Act of June 30, 1944, c. 325, 58 U. S. Sts. at Large, 632). The only question before us is whether there was evidence warranting the jury in so finding.

The jury could have found these facts: In 1932 the plaintiff became the owner of the property which is a two and one-half story frame dwelling house. In 1936 she married David Geller, and they began occupancy of the attic apartment in the one-half story at the top of the building directly under the roof. In 1939 the defendant became tenant at will of the apartment on the second floor. On the date of the writ, August 16, 1946, the plaintiff's family con-

---

[1] See § 1388.1181, as amended effective October 31, 1945, 10 Fed. Reg. 13528, 13533. "Sec. 6. . . . (a) Restrictions on removal of tenant. So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession . . . unless . . . (6) . . . The landlord owned . . . the housing accommodations prior to the effective date of regulation . . . and has an immediate compelling necessity to recover possession of such accommodations for use and occupancy as a dwelling for himself . . .."

sisted of her husband, herself, a daughter, aged four, and a son, born September 28, 1945. The attic apartment has four rooms with a total area of three hundred ninety-six square feet, and a bathroom. There is a living room in the front of the apartment twelve and one half by nine and three fourths feet, which "contains the normal complement of furniture"; a bedroom leading off the living room with irregular dimensions and an area of fifty-three square feet, which is used by the daughter and is so small that only one person "can get into it"; a bedroom at the rear of the apartment with dimensions of twelve feet by nine and three fourths feet, which is used by the plaintiff and her husband and infant son; and a kitchen-dinette, leading off the rear bedroom, with dimensions of ten feet by eight and one half feet, one half of which is kitchen and one half dinette. There is no room for the play-pen of the infant son, who is beginning to creep and trying to stand alone. The plaintiff is obliged to allow the son to crawl around. There is no place where the children can safely be kept. The space is so small "you cannot move around." There is no room to entertain company. The one table in the apartment is in the dinette. The plaintiff's husband is a writer by profession, earning his livelihood in publicity work. It is often necessary or convenient for him to use a typewriter on the table evenings, but this disturbs the sleep of the children with the result that he very frequently has to discontinue work. The situation has been very upsetting to the plaintiff. She is unable to perform her usual household duties. As a result of the crowded conditions she has been obliged to consult a physician, and is under his care. The apartment occupied by the defendant consists of five rooms with an area of seven hundred twenty-six square feet, a bathroom, and a porch.

We think that on the evidence the jury could find that the plaintiff "has an immediate compelling necessity to recover possession . . . for use and occupancy as a dwelling" for herself. Present compelling hardship to the plaintiff is undoubtedly the test in the quoted regulation. Such hardship could have been found to exist on one or more of

several grounds, including the safety of the children, the welfare of the family, and the plaintiff's own health. This is clear either with or without various administrative interpretations which, although not contained in the record, both parties have urged upon us. It was error to disturb the jury's verdict in favor of the plaintiff.

The exceptions are sustained. The verdict entered by the judge on leave reserved is set aside, and judgment is to be entered for the plaintiff on the verdict of the jury.

*So ordered.*